UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOSE MANUEL RAMIREZ-MEDINA, <br><br> Plaintiff, <br><br> v. <br><br> CHIEF MIKE BROWN; SERGEANT BLOOM, BADGE 061; and UNIDENTIFIED POLICE OFFICER BADGE 098, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION (DOC. NO. 9)** <br><br> Case No. 2:23-cv-00097 <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Jose Manuel Ramirez-Medina moves for reconsideration of the order denying his motion for appointment of counsel.[1] Because Mr. Ramirez-Medina has not demonstrated appointment of counsel is warranted at this stage, the motion is denied.

Ms. Ramirez-Medina filed a motion for appointment of counsel which stated "[t]he court has already approved the plaintiff's application to file the matter *in forma pauperis*."[2] The court denied the motion because (1) Mr. Ramirez-Medina did not apply to proceed *in forma pauperis* in this case but, instead, paid the filing fee; and (2) he did not demonstrate any of the applicable factors to be considered supported the appointment of counsel in this case.[3]

---

[1] (Mot. for Reconsideration, Doc. No. 9.)

[2] (Mot. to Appoint Counsel, Doc. No. 2.)

[3] (Mem. Decision and Order Den. Mot. to Appoint Counsel, Doc. No. 4.)

1

Mr. Ramirez-Medina has now moved for leave to proceed *in forma pauperis*,[4] and he seeks reconsideration of the denial of his motion to appoint counsel.[5] He explains a friend paid the filing fee on his behalf, and he is actually indigent.[6] He seeks appointment of counsel based on his indigence.[7]

Even assuming Mr. Ramirez-Medina is indigent, he still has not demonstrated appointment of counsel is warranted at this stage. As explained in the prior order, "[t]here is no constitutional right to appointed counsel in a civil case."[8] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." But the applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[9] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[10]

---

[4] (Mot. to Proceed in Forma Pauperis, Doc. No. 10.)

[5] (Mot. for Reconsideration, Doc. No. 9.)

[6] (*Id.* at 1, 3.)

[7] (*See id.*)

[8] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[9] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[10] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

Mr. Ramirez-Medina has not shown these factors support appointment of counsel. Although the merits of his claims have yet to be determined, the factual and legal issues raised in the complaint do not appear so complex as to require appointment of counsel at this stage. Further, Mr. Ramirez-Medina has proved capable of advocating on his own behalf thus far, including by filing multiple motions. For these reasons, the court denies Mr. Ramirez-Medina's motion to reconsider[11] the order denying his motion to appoint counsel.

DATED this 5th day of April, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[11] (Doc. No. 9.)