UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOSE MANUEL RAMIREZ-MEDINA, <br><br> Plaintiff, <br><br> v. <br><br> CHIEF MIKE BROWN; SERGEANT BLOOM, BADGE 061; and UNIDENTIFIED POLICE OFFICER BADGE 098, <br><br> Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE** <br><br><br> Case No. 2:23-cv-00097 <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Jose Manuel Ramirez-Medina, proceeding without an attorney, filed this action on February 8, 2023, asserting claims under 42 U.S.C. § 1983 against a police chief and two police officers.[1] Because Mr. Medina has failed to comply with orders requiring him to submit forms necessary to serve the defendants and has, more generally, failed to prosecute his case, the undersigned[2] recommends the district judge dismiss this action without prejudice.

BACKGROUND

Although Mr. Ramirez-Medina paid the filing fee when he filed this case, he later moved for leave to proceed *in forma pauperis* (without paying fees) to allow the court to serve the

---

[1] (*See* Compl., Doc. No. 1.)

[2] This case is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 7.)

1

defendants with process.[3]  On April 5, 2023, the court granted the request to proceed *in forma pauperis* and ordered Mr. Ramirez-Medina to complete and return to the clerk's office a summons and service-of-process form for each defendant by April 28, 2023, to facilitate service by the United States Marshals Service.[4]  The order included links to these forms and warned Mr. Ramirez-Medina that his complaint could be dismissed if he failed to submit them as directed.[5]

The April 28 deadline passed, but Mr. Ramirez-Medina did not return the forms or file any other documents.  On August 1, 2023, the court ordered Mr. Ramirez-Medina to show cause why the case should not be dismissed for failure to prosecute or comply with the April 5 order.[6]  Mr. Ramirez-Medina was ordered to file a written response by August 22, 2023, and was notified he could satisfy the order by submitting to the clerk's office completed summonses and service-of-process forms for all defendants.[7]  Mr. Ramirez-Medina was again warned that failure to respond to this order or to return the completed forms by this date could result in dismissal of this action.[8]

---

[3] (*See* Mot. for Appointment of Attorneys and "In Forma Pauperis," Doc. No. 11); *see also* 28 U.S.C § 1915(d) (stating "[t]he officers of the court shall issue and serve all process" where the plaintiff proceeds *in forma pauperis*).

[4] (*See* Order Granting Mot. to Proceed In Forma Pauperis, Doc. No. 14.)

[5] (*Id.*)

[6] (Order to Show Cause, Doc. No. 17.)

[7] (*Id.*)

[8] (*Id.*)

Mr. Ramirez-Medina did not submit the forms as ordered. Instead, he filed a "Motion to Proceed" on August 18, 2023, which made no mention of the service forms or the prior orders.[9] The court denied this motion on August 21, noting the only way for Mr. Ramirez-Medina to proceed with this case was to submit the summonses and service-of-process forms as ordered.[10] The court provided links to the forms and attached them to the order, and the order and attachments were emailed and mailed to Mr. Ramirez-Medina.[11] Mr. Ramirez-Medina was also warned, again, that failure to submit the required forms would result in dismissal of this case.[12]

A month has passed since the most recent deadline to submit the service forms expired on August 22, and Mr. Ramirez-Medina has not submitted the forms or filed any other documents.

## LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure establishes the court's authority to dismiss a case with or without prejudice for failure to prosecute. This rule states that if a plaintiff fails to prosecute or comply with federal rules or court orders, the defendant "may move to dismiss the action or any claim against it."[13] But "Rule [41(b)] has long been interpreted to

---

[9] (*See* Doc. No. 18.) Mr. Ramirez-Medina also filed a motion to appoint counsel on August 18, which was his third motion seeking appointment of counsel in this case. (*See* Mot. to Appoint Counsel, Doc. No. 19; *see also* Mot. to Appoint Counsel, Doc. No. 2; Mot. to Reconsider Order Den. Mot. to Appoint Counsel, Doc. No. 9.) This motion was denied for the reasons stated in the prior orders denying appointment of counsel. (*See* Docket Text Order, Doc. No. 21.)

[10] (Order Den. Mot. to Proceed, Doc. No. 20.)

[11] (*See id.*, Attachments to Order Den. Mot. to Proceed, Doc. Nos. 20-1 & 20-2).

[12] (Order Den. Mot. to Proceed, Doc. No. 20.)

[13] Fed. R. Civ. P. 41(b).

permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."[14] Additionally, the District of Utah's local rules provide: "[a]t any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution."[15] And "[i]f the party does not show good cause, [the judge] may enter an order of dismissal" which "may be with or without prejudice, as the court deems proper."[16] Because Mr. Ramirez-Medina is a pro se litigant (without an attorney), he is held to a less stringent standard than a licensed attorney,[17] but he must still "follow the same rules of procedure that govern other litigants."[18]

The court employs different standards depending on the type of dismissal entered. When dismissing with prejudice, the court must consider the five *Ehrenhaus* factors: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser

---

[14] *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (alteration in original) (citation omitted).

[15] DUCivR 41-2.

[16] *Id.*

[17] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

sanctions."[19] But "[w]hen dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."[20]

Dismissal is warranted here based on Mr. Ramirez-Medina's failure to prosecute this case and failure to comply with multiple court orders requiring him to submit the forms necessary for the court to proceed with service of the defendants. Despite an extension of the deadline and several warnings that failure to comply could result in dismissal, Mr. Ramirez-Medina has failed to submit the forms as ordered, thereby preventing the case from moving forward. And Mr. Ramirez-Medina has taken no action in this case in the month since the most recent deadline to submit the service forms expired. Under these circumstances, dismissal under Rule 41(b) is warranted. The remaining issue is whether the dismissal should be with or without prejudice.

Several *Ehrenhaus* factors weigh in favor of dismissal with prejudice. The amount of interference with the judicial process is significant, where Mr. Ramirez-Medina's failure to comply with court orders has prevented the case from moving forward. Mr. Ramirez-Medina is highly culpable, where he failed to comply despite receiving an extension and repeated, specific instructions on what he needs to submit. Mr. Ramirez-Medina has also been warned multiple times that failure to comply would result in dismissal. And sanctions other than dismissal would be ineffective, where Mr. Ramirez-Medina has already been given several opportunities to comply and failed to do so.

---

[19] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (holding the *Ehrenhaus* factors must be considered when dismissing a case with prejudice under Rule 41(b)).

[20] *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted).

On the other hand, the first *Ehrenhaus* factor weighs against dismissal with prejudice. The actual prejudice to the defendants is low, where none have been served or appeared in this case. Additionally, under Rule 4(m) of the Federal Rules of Civil Procedure, a dismissal for failure to timely complete service is without prejudice.[21] Dismissal under Rule 4(m) is unwarranted here because the court is responsible for service where Mr. Ramirez-Medina proceeds *in forma pauperis*.[22] Nevertheless, Mr. Ramirez-Medina's failure to submit the forms necessary to permit court service is akin to a failure to serve. Where Mr. Ramirez-Medina's failure to submit the required forms has prevented service of the defendants, and a dismissal for failure to serve is without prejudice, the same approach is warranted here. Considering the lack of prejudice to the defendants and the nature of Mr. Ramirez-Medina's noncompliance, dismissal without prejudice is appropriate.

## RECOMMENDATION

The undersigned RECOMMENDS the district judge dismiss this action without prejudice for failure to prosecute and failure to comply with court orders. The court will send this Report and Recommendation to Mr. Ramirez-Medina, who is notified of his right to object to it. Mr.

---

[21] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

[22] *See* 28 U.S.C. § 1915(d).

Ramirez-Medina must file any objection within fourteen days of service.[23]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 25th day of September, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[23] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).